LEWIS' EXECUTORS )
     v.        )    WRIT OF ERROR.
MONROE & BEATY )

HAYES, for the plaintiff in error,

COOKE, for the defendants in error,

WHITE, J., delivered the opinion of the court:

Three points have been made, 1. That the circuit court erred in charging the jury, that they must ascertain the value of the land on the day the covenant was broken, and give interest upon that value. 2. That there was error is sustaining the demurrer to the plea of the defendant which alleges that Monroe & Beaty, by parol, gave Lewis a longer time than that specified in the covenant within which to make the conveyance. 3. That the circuit court erred in giving 12½ per cent interest on the amount recovered in the county court, when the record did not show on what principle the damages were assessed in the county court.

(1) It is not believed that any error exists in the charge to the jury. This was a covenant that Lewis would, at a subsequent day, execute a coveyance and the breach assigned, is not making the conveyance. This is an executory contract, to be complied with by an act to be done by the covenantor, and if he chose not to do that

act, he ought to pay as much money as would put the covenantees in as good a situation as if he had complied with his contract. This case is unlike the one of *Talbot* v. *Bedfords' heirs;* in that case, the contract was executed; in this, executory—in that case, the defendant had made the conveyance and there was no further act to be done by him; in this, the conveyance was afterward to be made—in that case, the court went upon the idea that the plaintiffs were entitled to the value of the land when the covenant was broken; and in this, we proceed upon the same principle.

*(2)* The second point has been heretofore decided in substance in the case of *Bond* v. *Jackson,* in this court. The time ought not, by a naked promise to be prolonged when the contract is under the seal of the party.

*(3)* The third point is certainly against the plaintiffs in error. The 12½ per cent is a penalty upon those who appeal who have not had injustice done them in the county court. For what reason, or upon what principle the damages were assessed in the county court, is unimportant, and, in fact, unknown. If, upon correct principles, the covenantor was liable for a large, or a larger sum, the circuit court were right in adding the 12½ per cent. If the county court had given wrong instructions to the jury, and the defendant had excepted and taken a writ of error, it would have been another case; but here he appealed, to have the fact retried.

Let the judgment be affirmed.